IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

| | |
|---|---|
| JOSE LIRA-RODRIGUEZ,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | NO. 4:21-CV-1085-A<br>(4:15-CR-199-A) |

**RESPONSE TO MOTION UNDER 28 U.S.C. § 2255**

Respectfully submitted,

Chad E. Meacham
Acting United States Attorney

*/s/ Stephen S. Gilstrap*
Stephen S. Gilstrap
Assistant United States Attorney
Texas State Bar No. 24078563
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8644
stephen.gilstrap@usdoj.gov

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ iii

BACKGROUND ........ 1

STATEMENT OF THE ISSUE ........ 1

ARGUMENT AND AUTHORITIES ........ 2

1. Lira-Rodriguez's motion should be dismissed as untimely. ........ 3

2. To the extent the Court considers this motion, Lira-Rodriguez cannot overcome the fact that he procedurally defaulted the claim that 8 U.S.C. § 1326 is unconstitutional. ........ 5

3. Even if Lira-Rodriguez could overcome the Section 2255(f)'s time-bar and the procedural bar, his claim fails on the merits. ........ 7

CONCLUSION ........ 12

CERTIFICATE OF SERVICE ........ 12

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Bousley v. United States*, 523 U.S. 614 (1998) ........ 6, 7

*Bright v. Parra*, 919 F.2d 31 (5th Cir. 1990) ........ 8

*Cabral v. Holder*, 632 F.3d 886 (5th Cir. 2011) ........ 8

*Clay v. United States*, 537 U.S. 522 (2003) ........ 3

*Cotton v. Fordice*, 157 F.3d 388 (5th Cir. 1998) ........ 10

*Fiallo v. Bell*, 430 U.S. 787 (1977) ........ 7, 8

*Hayden v. Patterson*, 594 F.3d 150 (2d Cir. 2010) ........ 10

*Johnson v. Governor*, 405 F.3d 1214 (11th Cir. 2005) ........ 10

*Kleindienst v. Mandel*, 408 U.S. 753 (1972) ........ 8

*Madriz-Alvarado v. Ashcroft*, 383 F.3d 321 (5th Cir. 2004) ........ 8

*Smith v. Murray*, 477 U.S. 527 (1986) ........ 6

*Trump v. Hawaii*, 138 S. Ct. 2392 (2018) ........ 8

*United States v. Addonizio*, 442 U.S. 178 (1979) ........ 2

*United States v. Capua*, 656 F.2d 1033 (5th Cir. Unit A Sept. 1981) ........ 2, 3

*United States v. Carrillo-Lopez*, ___ F. Supp. 3d ___, 2021 WL 3667330 (D. Nev. Aug. 18, 2021) ........ *passim*

*United States v. Frady*, 456 U.S. 152 (1982) ........ 2

*United States v. Gutierrez-Barba*, No. CR-19-1224-1, 2021 WL 2138801 (D. Ariz. May 25, 2021) ........ 6, 7

*United States v. Hernandez-Guerrero*, 963 F. Supp. 933 (S.D. Cal. 1997) ........ 8

*United States v. Lira-Rodriguez*, 671 F. App'x 233 (5th Cir. 2016) ........ 1, 5

*United States v. Lucas-Hernandez*, No. 19-MJ-24522, 2020 WL 6161150 (S.D. Cal. Oct. 21, 2020) ........ 6

**Federal Cases, continued** **Page(s)**

*United States v. Machic-Xiap*, ___ F. Supp. 3d ___, 2021 WL 3362738 (D. Or. Aug. 3, 2021) ........................................................................ 6, 10

*United States v. Morales-Roblero*, No. 3:19-MJ-24442, 2020 WL 5517594 (S.D. Cal. Sept. 14, 2020)........................................................................ 6, 7

*United States v. Novondo-Ceballos*, No. 21-CR-383, 2021 WL 3570229 (D.M.N. Aug. 12, 2021) ........................................................................ 6, 7, 9

*United States v. Petty*, 530 F.3d 361 (5th Cir. 2008) ........................................ 3, 5

*United States v. Placente*, 81 F.3d 555 (5th Cir. 1996)........................................ 2, 3

*United States v. Rios-Montano*, No. 19-CR-2123, 2020 WL 7226441 (S.D. Cal. Dec. 8, 2020) ........................................................................ 6, 11

*United States v. Ruiz-Rivera*, No. 20-MJ-20306, 2020 WL 5230519 (S.D. Cal. Sept. 20, 2020)........................................................................ 7, 10

*United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991)........................................ 5

*United States v. Wence*, No. 3:20-CR-27, 2021 WL 2463567 (D.V.I. June 16, 2021)........................................................................ 6, 10

*United States v. Wong Kim Bo*, 466 F.2d 1298 (5th Cir. 1972) ................................ 8

*Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977) ........................................................................ 1

*Wainwright v. Sykes*, 433 U.S. 72 (1977)........................................................ 5

**Federal Statutes and Rules**

28 U.S.C. § 2255(f) ........................................................................ 3

**Other Authorities**

Immigration and Nationality Act of 1952, Pub. L. No. 82-414, § 275, 66 Stat. 229.......... 9

Immigration Act of 1990, Pub. L. No. 101-649, § 543(b)(3), 104 Stat. 4978 .................... 9

Act of Mar. 4, 1929, Pub. L. No. 70-1018, ch. 690, § 2, 45 Stat. 1551 ........................... 10

## BACKGROUND

In June 2015, Jose Lira-Rodriguez was stopped for driving without a license, and police discovered he had entered the country illegally. (PSR ¶ 7.)[1] Immigration and Customs Enforcement (ICE) agents then learned that he had several prior convictions (including burglary, illegal reentry after deportation, and resisting arrest) and had been previously removed from the United States multiple times. (PSR ¶¶ 8-14.) After a grand jury charged Lira-Rodriguez with one count of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1)-(2), he pled guilty, and this Court sentenced him to a 100-month term of imprisonment, which was an upward variance from the 57 to 71-month guideline range. (CR Nos. 8, 15, 17, 35.) Lira-Rodriguez appealed his sentence, but the Fifth Circuit rejected his substantive-reasonableness argument in November 2016. *United States v. Lira-Rodriguez*, 671 F. App'x 233, 233-34 (5th Cir. 2016). Lira-Rodriguez did not file a petition for the writ of certiorari. (CV No. 1 at 2.)

## STATEMENT OF THE ISSUE

In his 28 U.S.C. § 2255 motion—which Lira-Rodriguez filed more than three-and-a-half years after the controlling statute of limitations expired—Lira-Rodriguez complains that his conviction was unconstitutional because 8 U.S.C. § 1326 violates his due process and equal protection rights under the test laid out in *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), as

[1] "PSR" refers to the presentence report, which is docketed at CR No. 19-1. "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Lira-Rodriguez*, No. 4:15-CR-199-A (N.D. Tex.). "CV No. __" refers to the docket number of this Section 2255 action.

recognized in *United States v. Carrillo-Lopez*, ___ F. Supp. 3d ___, 2021 WL 3667330 (D. Nev. Aug. 18, 2021). (CV No. 1 at 4-5.) This claim fails for three reasons: (1) it is long time-barred; (2) it is procedurally defaulted, as Lira-Rodriguez concedes, (CV No. 1 at 12); and (3) it is meritless. Accordingly, this Court should dismiss Lira-Rodriguez's motion or, alternatively, deny it with prejudice.

## ARGUMENT AND AUTHORITIES

### Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). And it "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

Section 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and,

would, if condoned, result in a complete miscarriage of justice." *Capua*, 656 F.2d at 1037. In other words, the "scope of relief under § 2255 is consistent with that of the writ of habeas corpus." *Placente*, 81 F.3d at 558.

**Discussion**

**1. Lira-Rodriguez's motion should be dismissed as untimely.**

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). That period begins to run on the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

There can be no question that Lira-Rodriguez's motion is untimely under subsection (1). The Fifth Circuit affirmed Lira-Rodriguez's sentence in November 2016, and—because Lira-Rodriguez did not file a petition for certiorari, (CV No. 1 at 2)—his judgment became final 90 days later in February 2017. *See Clay v. United States*, 537 U.S. 522, 532 (2003). That means Lira-Rodriguez had until February 2018 to file a timely Section 2255 motion. *See United States v. Petty*, 530 F.3d 361, 368 (5th Cir.

2008). He missed that deadline by more than three-and-a-half years. (CV No. 1 at 13 (Section 2255 motion dated September 17, 2021).) Lira-Rodriguez's motion is thus long time-barred under subsection (1).

Instead of addressing his untimeliness, Lira-Rodriguez ignores the time-bar and does not suggest that subsections (2), (3), or (4) apply. And, even if he had, any such arguments would fail:

- As to subsection (2), the government created no impediment to Lira-Rodriguez's Section 2255 motion, and nothing prevented Lira-Rodriguez from claiming that 8 U.S.C. § 1326 was unconstitutional when he pled guilty to violating that provision.

- As to subsection (3), the Supreme Court has not held that Section 1326 is unconstitutional. In fact, every district court but one has rejected the very argument that Lira-Rodriguez makes here, (*compare Carrillo-Lopez*, 2021 WL 3667330, at *25, *with infra* note 4 (citing a dozen cases disagreeing with *Carrillo-Lopez*)), which confirms that there is no newly recognized right here—much less one the Supreme Court has made retroactive to cases on collateral review. And to the extent Lira-Rodriguez claims that *Village of Arlington Heights* is a Supreme Court case supporting his claim, that case was decided in 1977—decades before he pled guilty.

- As to subsection (4), Lira-Rodriguez does not present any newly discovered "facts" supporting his motion. Rather, his claim against Section 1326 is based on a Supreme Court case decided four decades ago and a recent district court decision that erroneously applies that standard. (*See infra* Part 3.) This scenario simply does not fit within the parameters of subsection (4).

Since subsections (2)-(4) do not apply, Lira-Rodriguez's judgment became final in February 2017, and any Section 2255 motion filed after February 2018 is untimely. Lira-Rodriguez seems to recognize this fact, (CV No. 1 at 12), but he does not suggest that equitable tolling is applicable here, *see Petty*, 530 F.3d at 365. Nor does he suggest that he is actually innocent to escape Section 2255(f)'s time-bar.[2] Accordingly, this Court should dismiss his motion as untimely.

**2. To the extent the Court considers this motion, Lira-Rodriguez cannot overcome the fact that he procedurally defaulted the claim that 8 U.S.C. § 1326 is unconstitutional.**

For the first time ever, Lira-Rodriguez claims that his Section 1326 conviction is unconstitutional. (CV No. 1 at 4-5.) Because he has never raised that argument before, it is procedurally barred.

Lira-Rodriguez procedurally defaulted any claim that Section 1326 is unconstitutional because he pled guilty, conceded the existence of all elements underlying that conviction, and did not raise this issue on direct appeal. (CR Nos. 15, 17, 41); *see Lira-Rodriguez*, 671 F. App'x at 233-34. The law is settled that a defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (internal quotation marks omitted).

[2] In his motion, Lira-Rodriguez claims that he can overcome his "procedural default" by showing "cause" and "prejudice." (CV No. 1 at 12 (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).) But he does not claim that he is actually innocent, and a showing of "cause" and "prejudice" (as opposed to "actual innocence") cannot be used to overcome Section 2255(f)'s time-bar. In any event, Lira-Rodriguez cannot show "cause" and "prejudice," as explained below. (*See infra* Part 2.)

The burden to show cause and prejudice is Lira-Rodriguez's, *see Bousley v. United States*, 523 U.S. 614, 622 (1998), and he cannot meet that standard here.

As to "cause," Lira-Rodriguez argues that Section 1326's purported unconstitutionality is sufficient, (CV No. 1 at 12), but the problem with that argument is that the entire basis for Lira-Rodriguez's claim is a 1977 Supreme Court case—*Village of Arlington Heights*. (CV No. 1 at 4.)[3] Even if there were any merit to Lira-Rodriguez's claim, he has not explained why his default should be excused when there is nothing novel about a claim based on a 40-year-old Supreme Court precedent. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (noting that the relevant inquiry for a "cause" determination is not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all").

As to "prejudice," Lira-Rodriguez cannot meet that benchmark either because he has not shown any likelihood that the Fifth Circuit will follow the reasoning of a single district court from another circuit when every other decision addressing this issue (including at least one district court in the Fifth Circuit) has upheld the constitutionality of Section 1326 (or Section 1325) in the face of arguments like Lira-Rodriguez's.[4]

---

[3] The reasoning in *Carrillo-Lopez* is based on *Village of Arlington Heights*. *See* 2021 WL 3667330, at *1.

[4] *United States v. Novondo-Ceballos*, No. 21-CR-383, 2021 WL 3570229, at *6 (D.M.N. Aug. 12, 2021); *United States v. Machic-Xiap*, ___ F. Supp. 3d ___, 2021 WL 3362738, at *15-16 (D. Or. Aug. 3, 2021); *United States v. Wence*, No. 3:20-CR-27, 2021 WL 2463567, at *10 (D.V.I. June 16, 2021); *United States v. Gutierrez-Barba*, No. CR-19-1224-1, 2021 WL 2138801, at *5 (D. Ariz. May 25, 2021); *United States v. Barcenas-Rumualdo*, No. EP-20-CR-1849, Dkt. 38 (W.D. Tex. May 7, 2021); *United States v. Medina-Zepeda*, No. CR 20-0057, Dkt. 43-1 (C.D. Cal. Jan. 5, 2021); *United States v. Rios-Montano*, No. 19-CR-2123, 2020 WL 7226441, at *3 (S.D. Cal. Dec. 8, 2020); *United States v. Cac-Chon*, No. 3:20-CR-61, Dkt. No. 27 (E.D. Va. Nov. 10, 2020); *United States v. Lucas-Hernandez*, No. 19-MJ-24522, 2020 WL 6161150, at *2 (S.D. Cal. Oct. 21, 2020); *United States v. Palacios-Arias*, No. 3:20-CR-62, Dkt. No. 29-1 (E.D. Va. Oct. 13, 2020); *United States v. Morales-Roblero*, No. 3:19-MJ-24442, 2020 WL 5517594, at

Finally, as noted, Lira-Rodriguez does not claim that he is actually innocent; instead, he only challenges the constitutionality of Section 1326. (CV No. 1 at 4-5, 12.) And given that "[a]ctual innocence" means factual innocence, *see Bousley*, 523 U.S. at 622, Lira-Rodriguez could not meet that standard even if he had raised it.

**3. Even if Lira-Rodriguez could overcome the Section 2255(f)'s time-bar and the procedural bar, his claim fails on the merits.**

As noted, of the roughly dozen courts to have considered an argument like Lira-Rodriguez's, only one has found it persuasive. To the extent the Court considers this argument on the merits, it should follow the vast majority of courts, which have rejected this this type of challenge to Section 1326. As these cases illustrate, Lira-Rodriguez's argument can and should be rejected on three independent bases.

*First*, *Carrillo-Lopez* applied the test outlined in *Village of Arlington Heights*, but other courts have held that this is not the proper standard to use for a statute that concerns federal immigration law. *See, e.g.*, *Novondo-Ceballos*, 2021 WL 357229, at *3; *Gutierrez-Barba*, 2021 WL 2138801, at *5; *Morales-Roblero*, 2020 WL 5517594, at *10. Given the connection to immigration law, rational-basis review is appropriate here, and the statute easily survives scrutiny under that standard.

The Supreme Court has "repeatedly emphasized that over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (cleaned up). In line with this principle,

---

*9 (S.D. Cal. Sept. 14, 2020); *United States v. Ruiz-Rivera*, No. 20-MJ-20306, 2020 WL 5230519, at *3-5 (S.D. Cal. Sept. 2, 2020).

the Fifth Circuit has referred to Congress's power to regulate immigration as "plenary." *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332 (5th Cir. 2004). And because Congress's power over immigration is broad, judicial review regarding immigration is "narrow." *Fiallo*, 430 U.S. at 796. Courts exercising such review "give great deference[.]" *Bright v. Parra*, 919 F.2d 31, 33 (5th Cir. 1990); *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018) (applying "deferential standard of review" in immigration context); *Cabral v. Holder*, 632 F.3d 886, 892 (5th Cir. 2011) ("In light of Congress's plenary power to pass legislation concerning the admission or exclusion of aliens, it is clear that no more searching review than that of rational basis is appropriate.").

Under this deferential standard of review, a court reviewing an immigration law asks only whether it is "facially legitimate and bona fide." *Kleindienst v. Mandel*, 408 U.S. 753, 769 (1972). Section 1326 easily satisfies that standard because, under it, "differential treatment must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Cabral*, 632 F.3d at 892-93 (internal quotation marks omitted).

Congress had a rational basis for Section 1326. By assessing criminal penalties for re-entering without authorization after removal, Section 1326 aims to deter unregulated immigration and guide those who want to enter the United States into the legal immigration process for gaining admission. *See United States v. Wong Kim Bo*, 466 F.2d 1298, 1300 n.4 (5th Cir. 1972) (recognizing that "the congressional purpose of § 1326" is "to control the re-entry of deported aliens"); *United States v. Hernandez-Guerrero*, 963 F. Supp. 933, 937 (S.D. Cal. 1997) ("Congress has decided that criminal

sanctions are necessary to deter deported individuals from attempting to re-enter the country illegally, and to punish previously deported individuals who re-enter the country illegally."), *aff'd*, 147 F.3d 1075 (9th Cir. 1998). Given this rational basis, any claims of disparate impact cannot be used to invalidate Section 1326; indeed, whether Section 1326 unevenly affects particular groups is immaterial to rational-basis review. *See Novondo-Ceballos*, 2021 WL 3570229, at *4 ("The Court is simply unconvinced that it should forego the usual rational basis analysis of an immigration statute simply because Defendant has raised the specter of § 1326's racist origins.").

Second, even if *Village of Arlington Heights* applies to this analysis, every court to analyze that issue (except for *Carrillo-Lopez*) has concluded that defendants could not meet their burden to show a sufficient discriminatory intent or racial animus underlying Section 1326. To understand why requires unpacking the history behind Section 1326.

As *Carrillo-Lopez* makes clear, *see* 2021 WL 3667330, at *5, the main attack on Section 1326's constitutionality does not originate from Congress's 1990 enactment of the current version of the statute. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 543(b)(3), 104 Stat. 4978.[5] Nor it is even focused on the 1952 enactment of the first comprehensive immigration law that first criminalized unlawful reentry as a felony. *See* Immigration and Nationality Act of 1952, Pub. L. No. 82-414, § 275, 66 Stat. 229. Rather, it is based on a precursor statute to Section 1326—a 1929 law providing that "[a]ny alien who hereafter enters the United States at any time or place other than as

[5] Section 1326 has been amended twice since 1990 as well.

designated by immigration officials or eludes examination or inspection by immigration officials . . . shall be guilty of a misdemeanor." Act of Mar. 4, 1929, Pub. L. No. 70-1018, ch. 690, § 2, 45 Stat. 1551.

Given this history, every court but *Carrillo-Lopez* has rejected the notion that Section 1326 fails to pass constitutional muster even under the *Village of Arlington Heights* standard for one of two reasons:

- Some courts have concluded that any racial animus in the 1929 statute did not taint the subsequent enactment of Section 1326—*i.e.*, the actual statute at issue. *See, e.g.*, *Machic-Xiap*, 2021 WL 3362738, at *12-14 ("Mr. Machic-Xiap has not, however, satisfied his heavy burden of proving that racism motivated Congress to enact § 1326 specifically."); *Wence*, 2021 WL 2463567, at *5 ("[T]he Court must seek to discern the intent of the Congress that enacted that charged provision, rather than the intent of previous Congresses."); *Ruiz-Rivera*, 2020 WL 5230519, at *3 (making similar point in the Section 1325 context). These decisions are supported by precedent both from within and outside the Fifth Circuit. *See, e.g.*, *Cotton v. Fordice*, 157 F.3d 388, 391-92 (5th Cir. 1998) (holding that an alleged taint from an earlier iteration of a law disenfranchising individuals convicted of committing certain federal felonies did not undermine subsequent, neutral iterations of that law); *Hayden v. Patterson*, 594 F.3d 150, 166-67 (2d Cir. 2010); *Johnson v. Governor*, 405 F.3d 1214, 1223-24 (11th Cir. 2005) (en banc).

- Other courts have concluded that, even if it considered any racial animus associated with the 1929 statute, any taint has been removed by the substantive and deliberative processes associated with re-enactments of—and amendments to—Section

1326 over time. *See, e.g.*, *Barcenas-Rumualdo*, No. EP-20-CR-1849-DB, Dkt. No. 38 at 28-33 (relying on *Cotton* for the proposition that re-enactment of laws can remove any discriminatory taint associated with an original version); *Rios-Montano*, 2020 WL 7226441, at *1 ("While the precursor illegal entry statute enacted in 1929 was enacted with discriminatory intent, the taint from the 1929 statute had dissipated by 1990 and there is no evidence that the 1990 Congress entertained any discriminatory purpose.").

*Third*, even setting aside all of these other bases for denial, this Court should reject Lira-Rodriguez's argument because—unlike the defendants in the rest of these cases—he has offered no evidence to support his claim that Section 1326 is unconstitutional. Instead, his motion simply makes conclusory arguments about Section 1326's unconstitutionality by citing *Village of Arlington Heights* and *Carrillo-Lopez*. (CV No. 1 at 4-5.) Put another way, even assuming the standard in *Village of Arlington Heights* applies here, Lira-Rodriguez had the burden to show that Section 1326 was enacted with a discriminatory intent or racial animus, and he has offered nothing to support that claim. Therefore, even if this Court were inclined to follow the reasoning in *Carrillo-Lopez*, it still should deny Lira-Rodriguez's motion because he has offered zero evidence to substantiate his claim. *See Carrillo-Lopez*, 2021 WL 3667330, at *18-19 (distinguishing cases based on differing evidence offered to the courts in other cases).

## CONCLUSION

For these reasons, this Court should dismiss Lira-Rodriguez's Section 2255 motion as untimely. Alternatively, it should deny that motion with prejudice.

Respectfully submitted,

Chad E. Meacham
Acting United States Attorney

*/s/ Stephen S. Gilstrap*

Stephen S. Gilstrap
Assistant United States Attorney
Texas State Bar No. 24078563
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8644
stephen.gilstrap@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on October 26, 2021, I filed this response with the Clerk of Court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this response was served on Jose Lira-Rodriguez, Register No. 36803-177, FCI Jesup, Federal Correctional Institution, 2608 Hwy. 301 South, Jesup, GA 31599, by certified mail, return receipt requested.

*/s/ Stephen S. Gilstrap*
Stephen S. Gilstrap