```
                                              U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF TEXAS
                                                    FILED
    IN THE UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF TEXAS            NOV 1 5 2021
             FORT WORTH DIVISION
                                            CLERK, U.S. DISTRICT COURT
                                            By_____
                                                        Deputy
```

JOSE LIRA-RODRIGUEZ,                  §
                                      §
            Movant,                   §
                                      §
VS.                                   §   NO. 4:21-CV-1085-A
                                      §   (NO. 4:15-CR-199-A)
UNITED STATES OF AMERICA,             §
                                      §
            Respondent.               §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jose Lira-
Rodriguez, movant, under 28 U.S.C. § 2255 to vacate, set aside,
or correct sentence by a person in federal custody. The court,
having considered the motion, the government's response, the
reply, the record, and applicable authorities, finds that the
motion must be dismissed as untimely.

I.

## Background

The record in the underlying criminal case reflects the
following:

On August 12, 2015, movant was named in a one-count
indictment charging him with illegal reentry after deportation,
in violation of 8 U.S.C. §§ 1326(a) and (b)(1)/(2). CR Doc.[1] 8.
On September 18, 2015, movant appeared before the court with the

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the
underlying criminal case, No. 4:15-CR-199-A.

intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 15. Movant and his attorney signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 17. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as twenty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the factual resume; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 41.

The probation officer prepared the PSR, which reflected that movant's base offense level was 8. CR Doc. 19, ¶ 21. He

2

received a 16-level enhancement for having been previously deported. Id. ¶ 22. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 28, 29. Based on a total offense level of 21 and a criminal history category of IV, movant's guideline imprisonment range was 57 to 71 months. Id. ¶ 75.

On January 8, 2016, the court sentenced movant to a term of imprisonment of 100 months. CR Doc. 35. Movant appealed. CR Doc. 37. The United States Court of Appeals for the Fifth Circuit affirmed the sentence. United States v. Lira-Rodriguez, 671 F. App'x 233 (5th Cir. 2016). Movant did not file a petition for writ of certiorari.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion. First, he says that he was convicted in violation of the equal protection clause of the Constitution, relying on Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977). Doc.[2] 1 at 4. Second, he says that his due process rights were violated, because the definition of "illegal reentry" is unconstitutionally void according to United States v. Carrillo-

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

Lopez, ___ F. Supp. 3d ___, 2021 WL 3667330 (D. Nev. Aug. 18, 2021). Id. at 5.

III.

Standards of Review

A.   Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction
becomes final;
(2) the date on which the impediment to making a
motion created by government action in violation of
the Constitution or laws of the United States is
removed, if the movant was prevented from making a
motion by such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or
(4) the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Where a movant fails to file a petition for writ of certiorari, the conviction and sentence become final after

4

the 90-day period for filing a such a petition expires. Clay v. United States, 537 U.S. 522, 525 (2003).

B.    2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a

5

defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant did not file a petition for writ of certiorari. Therefore, his judgment became final 90 days after the Fifth Circuit affirmed his sentence on November 29, 2016. He had one year in which to file his motion under § 2255 unless he can show that one of the other deadlines applies. United States v. Petty, 530 F.3d 361, 368 (5th Cir. 2008). Movant seems to admit that the motion—filed three and one-half years after the deadline—is not timely. Doc. 1 at 12. He has made no attempt to show that he was prevented from filing his motion by any government action, that the right he asserts was newly recognized by the Supreme Court, or that he could not have discovered the facts supporting his claim until recently. The Supreme Court case upon which he relies was decided in 1977. Arlington Heights, 429 U.S. 252. The facts supporting the argument have been known to movant all along. That Carillo-Lopez was only recently decided does not extend the time for filing under 28 U.S.C. § 2255(f)(4).

6

Even if movant could show that his motion is timely, he could not overcome the procedural bar to presenting it now. He may not raise an issue for the first time on collateral review without showing both cause and prejudice. Shaid, 937 F.2d at 232. The burden is his. Bousley v. United States, 523 U.S. 614, 622 (1998). He has made no attempt to meet it.

Finally, for the reasons discussed in the government's response, Doc. 6, 7-11, the motion is wholly without merit. As the court has previously noted, the reasoning of the Nevada court is neither persuasive nor authoritative. See United States v. Espinoza-Santos, No. 4:15-CR-077-A, Oct. 12, 2021 order; United States v. Rodriguez-Juarez, No. 4:18-CR-223-A, Sept. 8, 2021 order.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

7

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 15, 2021.

JOHN McBRYDE
Senior United States District Judge

8